## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 12 2018, 10:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Penny K. Hisey,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 12, 2018<br><br>Court of Appeals Case No.<br>25A04-1708-CR-1743<br><br>Appeal from the Fulton Superior Court<br><br>The Honorable Wayne E. Steele, Judge<br><br>Trial Court Cause No.<br>25D01-1506-FC-301 |

**Robb, Judge.**

# Case Summary and Issue

Following a jury trial, Penny Hisey was convicted of eleven counts of theft: two counts as Class C felonies; four counts as Class D felonies; two counts as Level 5 felonies; and three counts as Level 6 felonies. The trial court entered judgment of conviction on all counts and sentenced Hisey to an aggregate sentence of thirty-one years, with twenty-two of those years ordered executed in the Indiana Department of Correction. Hisey now appeals, raising the sole issue of whether her sentence is inappropriate in light of the nature of her offense and her character. Concluding her sentence is not inappropriate, we affirm.

# Facts and Procedural History

Rochester Iron and Metal ("RIM") is a company in the business of purchasing scrap metal from both individual and commercial customers and reselling it for a profit. RIM is owned by Maurice Lewis and Jason Grube. Barb Lewis, Maurice's wife and Jason's mother, is RIM's office manager. Lewis and Hisey have been best friends for almost thirty years. Since 2010, RIM employed Hisey, first as a secretary and eventually as their cashier. RIM made Hisey their cashier in 2012 specifically because they wanted someone in that position that they could trust. Over the course of her employment as RIM's cashier, Hisey stole at least $829,595.85 through an elaborate scheme.

[3]     RIM uses two software programs to keep track of its funds and expenses, Quickbooks and ScrapRight. Quickbooks is directly connected to RIM's checking account and was reconciled by the company on a monthly basis. ScrapRight is RIM's purchasing system and contained a cash drawer. RIM reconciled this system on a daily basis to check for overages and shortages. The two systems are not linked and do not communicate with each other. When RIM made a purchase of scrap metal, the customer could elect to be paid by cash or check. A customer electing to be paid with cash would be paid from the cash drawer and ScrapRight, while a customer electing to be paid by check would receive a check generated by Quickbooks. Because the two systems were not linked, cash payments needed to be manually entered into the Quickbooks system.

[4]     Hisey stole from RIM in three different ways. In one scenario, when a customer elected to receive a check, Hisey would note the customer was paid by cash rather than a check. Hisey would issue a check to the customer but still withdraw cash from the drawer. Hisey did this in a number of different manners, such as creating multiple cash withdrawals to equal the amount of the check. In a second scenario, Hisey would pay the customer their check, and then proceed to void the customer's ticket. After voiding the ticket, Hisey would replicate the ticket to show that it was paid in cash rather than by check. Finally, Hisey would simply create a fraudulent transaction and withdraw money from the cash drawer.

[5]     Eventually, Hisey was arrested and the State charged her with eleven counts of theft. A jury trial was held on May 24, 2017. At trial, Dan Zieger, a controller at RIM, testified about the effects of Hisey's actions on the company. Zieger stated that of Hisey's seven hundred and twenty days working as a cashier, she stole from RIM on five hundred of those days. Moreover, due to the substantial loss of revenue, RIM was unable to give raises and other benefits to its other employees and if Hisey's actions had continued, RIM would have had to shut down. A jury found Hisey guilty as charged and the trial court sentenced Hisey to an aggregate sentence of thirty-one years, with twenty-two of those years ordered executed in the Department of Correction. Hisey now appeals her sentence.

# Discussion and Decision

[6]     Hisey's sole argument is that her sentence is inappropriate. Indiana Appellate Rule 7(B) provides that this court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden of persuading this court that the sentence is inappropriate lies with the defendant. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[7] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Here, Hisey was convicted of two Class C felonies, four Class D felonies, two Level 5 felonies, and three Level 6 felonies. For each Class C felony, Hisey received an eight-year sentence, with two of those years suspended. The sentencing range for a Class C felony is from two to eight years, with an advisory sentence of four years. Ind. Code § 35-50-2-6(a). For each Class D felony, Hisey received a three-year sentence, with one year suspended. The sentencing range for a Class D felony is from six months to three years, with an advisory sentence of one and one-half years. Ind. Code § 35-50-2-7(a). For each Level 5 felony, Hisey received a six-year sentence, with two years suspended. The sentencing range for a Level 5 felony is from one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). For each Level 6 felony, Hisey received a two-year sentence. The sentencing range for a Level 6 felony is from six months to two and one-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7(b). Thus, Hisey received a sentence at or near the maximum sentence for each conviction.

[8] As to the nature of the offense, Hisey stole nearly one million dollars, over the course of several years, from a company that placed her in a position of trust. Hisey methodically stole money on more than half the days she worked as a cashier and took great efforts to cover up her crimes. The loss of stolen revenue had devastating effects upon RIM and Hisey's actions affected her coworkers,

with the company being unable to provide raises or other benefits for them. In other words, Hisey and her family benefitted from the negative effects she had on her company, coworkers, and friends. Had she been able to continue in her position, RIM would have had to shut down due to her theft. After considering the nature of Hisey's offense, we cannot say her sentence is inappropriate.[1]

[9] Turning to Hisey's character, we examine "the offender's life and conduct." *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. With respect to her character, Hisey points to the fact she is active in her church, has support in the community, has raised a family, and is a well-loved and generous friend. Appellant's Brief at 17. While this may be, Hisey's character also demonstrates an employee who stole nearly one million dollars from her employer while putting her company and fellow coworkers at risk. Moreover, Hisey was placed in the position of cashier specifically because RIM trusted her. Hisey betrayed this trust, and the trust of someone who considered her a best friend, for her own gain and took great efforts to conceal her crimes. Hisey's character does not persuade us her sentence is inappropriate.

# Conclusion

---

[1] Hisey also claims the prosecutor "could have charged a single count of Theft to encompass all the losses suffered by [RIM]." Appellant's Brief at 16. Hisey alleges this court should consider the prosecutor's charging decision in our review of her sentence. While charging decisions are relevant to our review, it is clear in this case the prosecutor also could have charged Hisey with more than eleven counts of theft, given the numerous days on which she stole from RIM. In our view, Hisey received a benefit from only being charged with eleven counts of theft.

Hisey has failed to meet her burden of persuasion that her sentence is inappropriate. Accordingly, we affirm her sentence.

Affirmed.

Najam, J., and Altice, J., concur.